UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **EDGAR VEYTIA,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 21-1829 (ABJ) |
| v. | ) | (ECF) |
| | ) | |
| **BUREAU OF PRISONS,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION TO ENLARGE TIME TO FILE DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Federal Rule of Civil Procedure ("Rule") 6(b)(1)(A), the Bureau of Prisons, *et al.* ("Defendant" or "BOP"), by and through undersigned counsel, respectfully requests an enlargement of time until January 16, 2024, to file Defendant's Motion for Summary Judgment in response to the Complaint filed by Edgar Veytia ("Plaintiff"). In support hereof, Defendant respectfully proffers the following good cause:

1. The undersigned is mindful that the Court's patience might be running thin regarding Defendant's dispositive motion and does not file this motion lightly. As the Court may be aware Plaintiff commenced this action under the Freedom of Information Act, 5 U.S.C. § 552, *et seq*. ("FOIA"), arising from seven requests for various record. *See generally* ECF No. 1. Actually, the requests comprise twelve separate requests for records. These various requests make this litigation more complex than might appear on its face.

1

2. Two of the requests pertain to emails that Plaintiff requested about himself. One request was emails regarding Plaintiff's transfer to the BOP's Counterterrorism Unit's Communications Management Unit. Initially, BOP had declined to search for these emails, but the undersigned implored them to and it did. This search resulted in the release of thousands of additional pages of records to the Plaintiff over the last few months.

3. The other request was a request for emails about the Plaintiff written by a BOP employee at the Metropolitan Detention Center in Brooklyn, New York, where Plaintiff is currently incarcerated. Here also, BOP initially took the position that it would not search for these emails. At the same time that the undersigned discussed Plaintiff's request for emails about his transfer to the CMU, the undersigned also discussed revisiting this position. At that time, the undersigned understood that the BOP would be revisiting its decision.

4. In fact, the undersigned received a more recent declaration from Agency Counsel handling the Brooklyn requests for records and had assumed that it contained a new treatment of this request for records. As it turns out, it did not and at this time, the undersigned has inquired from Agency Counsel, but has not received a response. The undersigned had believed that the release of emails over the last few months included these emails, but it does not appear so.

5. As before, the undersigned believes that it may be futile to file a dispositive motion with the goal of disposing of this whole action without first addressing the issue of the Brooklyn emails. The delay in getting this litigation to the point where a dispositive motion is fully justified has been the result of trying to ensure that Plaintiff's requests are fully processed. Therefore, because these delays have resulted in Plaintiff receiving additional records, it does not appear that they prejudice him.

6.       The requested enlargement would enable the undersigned to confer further with Agency Counsel on this issue. Based on previous discussions, the undersigned believed that BOP would be reprocessing this request and that Plaintiff may receive additional emails. The undersigned expects updated explanations on the processing of this request soon. The updated explanation would also likely require that the current declaration be revised. The undersigned had also requested that foreseeable harm language should be added to the declaration.

7.       Pursuant to LCvR 7(m), the undersigned did not confer with Plaintiff because he is incarcerated. The undersigned respectfully requests the Court indulgence as he attempts to ensure that Defendant fully explains its handling of Plaintiff's FOIA requests and can file a dispositive motion that withstand the Court's scrutiny.

Wherefore, Defendant respectfully requests that the Court grant this enlargement of time to file Defendant's dispositive motion. A proposed Order reflecting the requested relief is attached for the Court's consideration, but a Minute Order would be just a welcome if the Court prefers.

December 12, 2023                             Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     /s/
KENNETH ADEBONOJO
Assistant United States Attorney
Patrick Henry Building
601 D Street, N.W. – Civil Division
Washington, D.C. 20530
Telephone: (202) 252-2562

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDGAR VEYTIA,** | ) |
| Plaintiff | ) |
| | ) Civil Action No. 21-1829 (ABJ) |
| v. | ) (ECF) |
| **BUREAU OF PRISONS,** | ) |
| Defendant. | ) |

## ORDER

After considering this motion, the record herein, and applicable law,

it is this _____ day of _____, 202_, hereby

**ORDERED**, that the Defendant's motion is hereby GRANTED; and it is

**FURTHER ORDERED**, that Defendant shall file its Motion for Summary Judgment no later than January 16, 2024; Plaintiff's Opposition is due no later than March 29, 2024; and Defendant's Reply is due no later than April 23, 2024.

HON. AMY BERMAN JACKSON
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

      I certify that I caused a copy of the foregoing Defendant's Motion to Enlarge Time to be served upon Plaintiff as follows:

EDGAR VEYTIA, *pro se*
Reg. No. 60875-298
Brooklyn Metro. Det. Ctr
Inmate Mail/Parcels
P.O. Box 329002
Brooklyn, NY 11232

                                                           /s/
                                          KENNETH ADEBONOJO
                                          Assistant United States Attorney