UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDGAR VEYTIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BUREAU OF PRISONS,<br><br>　　　　　Defendant. | Civil Action No. 21-1829 (ABJ) |

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Federal Rule of Civil Procedure 56(c) and LCvR 7(h), the Bureau of Prisons ("Defendant" or "BOP"), by and through undersigned counsel, respectfully submits this Statement of Undisputed Material Facts in response to the Complaint filed by Edgar Veytia ("Plaintiff"). This Statement of Undisputed Material Facts is also submitted in support of Defendant's Motion for Summary Judgment. In support, Defendant avers the following:

1.　Plaintiff is currently incarcerated at the Metropolitan Detention Center in Brooklyn, N.Y. ("Detention Center"). *See* Ex. A, Declaration of Kara Christenson ¶ 5 ("Christenson Decl."); *see also* https://www.bop.gov/inmateloc/.

2.　Plaintiff had done a prior stint at the Detention Center between April 2017 and January 2020. *See* ECF No. 1 ¶ 7 ("Pl's Comp"). It appears that between January 2020 and his return to the Detention Center, Plaintiff had been incarcerated at the BOP's Communications Management Unit (or "CMU") in Marion, Illinois, which is where he was when he commenced this action. *See* Pl's Comp. ¶¶ 2, 5.

3.　BOP received seven FOIA requests from Plaintiff and assigned them Request Nos. (1) 2020-03698, (2) 2020-03478, (3) 2020-04088, (4) 2021-00836, (5) 2021-03892, and (6) 2021-

05971.  *See* Christenson Decl. ¶ 10.  One request, No. 2022-03572, is not at issue in this litigation.  *See* Christenson Decl. at 4 n2.

4.     In Request No. 2020-03698, Plaintiff requested "every email, note, letter, memorandum, and or other investigative material sent by [Special Investigative Service employee][1] J. Parker . . . about [Plaintiff], wherein his name and/or [R]egister [N]um[ber] 60875-298 . . . from the time I arrived at [the Detention Center] . . . until I left."  Christenson Decl. ¶ 11; Pl's Comp. ¶ 6.[2]

5.     Defendant issued an initial response and release and supplemented it during this litigation by unredacting various material that previously had been withheld.  *See* Christenson Decl. ¶ 15.  Specifically, "[b]y letter dated March 11, 2024, BOP released 7 pages of records in full, 60 pages of records in part, and 2 pages were withheld in their entirety."  *Id*. ¶ 16.

6.     With its supplemental release, BOP released two additional pages in full; BOP earlier had released five pages of records in full, sixty-two pages of records in part, and two pages were withheld in their entirety.  *See* Christenson Decl. ¶ 15.

7.     In Request No. 2020-3478, Plaintiff requested "[a] copy of all referral documentation, including all notes, memoranda, email and other Investigative material . . . used to

---

[1]     Every BOP institution maintains a Special Investigative Service Department ("Special Investigative Department").  All Special Investigative Departments, including the Brooklyn Detention Center's Special Investigative Department, is tasked with conducting investigations into inmate misconduct and criminal activity, staff misconduct and/or criminal activity, institutional crime scene management and evidence recovery, and coordination of criminal investigations with the FBI, Office of Inspector General or any other law enforcement agency and prosecuting United States Attorneys' Offices.  *See* Christenson Decl. ¶ 13.

[2]     In his Complaint, Plaintiff refers to Request No. 2020-3478 twice.  *See* Pl's Comp. ¶ 6.  The first reference is incorrect because he is actually referring to Request No 2020-03698.  *See* Christenson Decl. at 13 n4.  The second reference is accurate.  What Plaintiff erroneously refers to as Request No. 2020-03698 appears to be Request No. 2021-5971.

Approve [his] transfer to the" Communications Management Unit. *Id*. ¶ 36.

8. The Counter Terrorism Unit (or "CTU"), which manages the Communications Management Unit, provided eight pages of responsive records pertaining to the referral of Plaintiff for placement in the Communications Management Unit and released two pages of records in full and six pages of records in part, with no pages withheld in full. *See id*. ¶¶ 39-40.

9. Request No. 2020-04088 was an aggregated two-part request for "[a] copy of [Plaintiff's] . . . CTU[/CMU] . . . excluding copies of emails (incoming and outgoing) and letters [Plaintiff has] sent/have received while being in the" Communications Management Unit and "[a] copy of any complaints filed against SIS Parker . . . by any inmates alleging staff misconduct and harassment by Parker, and copies of all reports about the outcome of such complaints." Christenson Decl. ¶ 58.

10. Defendant's search returned forty-seven pages of responsive records, twenty-two of which were released in full, seven pages in part, and eighteen pages were withheld in full. *See id*. ¶¶ 62-63.

11. Plaintiff's eighteen-page Presentence Investigation Report and the Statement of Reasons ("Presentence Report") from his Judgment and Commitment were withheld in full, as BOP no longer considers them to be agency records. *See* Christenson Decl. at 22 n5. Presentence Reports are under the direct control of the court of jurisdiction. *Id*.

12. FOIA Request No. 2021-00836 was for "a copy of all emails, sent or received through [Trust Fund Limited Inmate Computer System ("TRULINCS")], to or from" five distinct email addresses and individuals. Christenson Decl. ¶ 82.

13. The BOP's Office of Information Technology and Data Division conducted a search that returned 198 pages of responsive records, all of which were released in part; no pages

were released in full and no pages were withheld in full. *See id.* ¶¶ 85-86. *Id.*

14. Request No. 2021-03892 was a five-part request for (1) a copy of Plaintiff's entire Special Investigative Service file; (2) a copy of his entire Special Investigative Department file that was created at the Detention Center, including all reports generated by Officer Parker while Plaintiff was at the Detention Center; (3) a copy of any complaints filed against Officer Parker by any inmate alleging staff misconduct or harassment by Officer Parker, as well as copies of all such reports and their outcome; (4) a copy of all "Summary Reports," "Daily Sensitive Information Reports," and "Daily Lieutenants Logs" filed by all correctional services staff from January 1, 2019 until the date of the request; (5) a copy of Plaintiff's Counter Terrorism Unit "Profile and Assessment" form, created by any member of the Counter Terrorism Unit or any Intelligence Analyst assigned to monitor Plaintiff's communications while at the Communications Management Unit. *See id.* ¶ 94.

15. BOP's search for records for all five parts of this request returned 241 pages of records, of which 63 pages were released in full, 129 pages were released in part, and 49 pages were withheld in full. Subsequently, during the course of this litigation, upon further review of Plaintiff's request, an additional 3716 pages of Daily Lieutenant Logs only from January 1, 2019, through the date of the request were released to the Plaintiff, 1,391 pages of which were released in full and 2,325 pages were released in part. *See id.* ¶ 101-03.

16. Finally, Request No. 2021-05971 sought a copy of all "Confiscation and Disposition of Contraband," concerning Plaintiff maintained in any logbook at the Detention Center while he was there on his first stint or in his central file regarding his glasses that allegedly were confiscated by Officer Parker. *See id.* ¶ 124. A search for this request yielded no responsive records. *Id.* ¶ 127.

17. A detailed justification for the Defendant's search for records responsive to Plaintiff multitude of requests, withholdings of information, and segregability determinations is contained in the Christenson Declaration.

Dated: May 14, 2024
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     *Kenneth Adebonojo*
KENNETH ADEBONOJO
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2562

*Attorneys for the United States of America*